# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**CHRIS ACOSTA,**

        **Plaintiff,**

**vs.**                                                      **No. 97cv0139 SC/JHG**

**CORRECTIONAL MEDICAL SYSTEMS,**

        **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendant's Motion for Summary Judgment filed November 2, 1998. On March 3, 1997, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for disposition of this motion pursuant to 28 U.S.C. § 636(b)(1)(C). The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds the motion to be well-taken and recommends it be GRANTED.

**I. Background**

Acosta, a *pro se* litigant, filed his complaint pursuant to 42 U.S.C. §1983. In his complaint filed February 3, 1997, Acosta alleges a dentist extracted his upper teeth in preparation for a partial denture. It is unclear whether this extraction occurred during Acosta's incarceration. Defendant then refused to provide the new partial denature because his sentence was short. Acosta suffered gum pain, and because a soft diet was not provided, lost weight. Acosta alleges he is entitled to damages under

42 U.S.C. § 1983 because these deprivations violated his rights under the Eighth Amendment.

On April 7, 1997, the United States Magistrate Judge granted Acosta *in forma pauperis* status. In reviewing the complaint pursuant to 28 U.S.C. § 1915, the district court dismissed Acosta's claims against Warden LeMaster due to Acosta's failure to affirmatively link him to the occurrences which gave rise to the alleged constitutional violations.

**II. Standard of Review**

This Court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than required of those prepared by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the Court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A motion for summary judgment is appropriate only if "there is no genuine issue as to any material fact . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact . . . " *Id.* When applying this standard, the Court examines the record and resolves all reasonable inferences in the light most favorable to the non-moving party. *Universal Money Centers v. AT&T*, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655 (1994).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S.

574, 587, 106 S.Ct. 1348, 1355 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1593 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *Universal Money Centers v. AT&T*, 22 F.3d at 1529. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586, 106 S.Ct. at 1356. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *Universal Money Centers v. AT&T,* 22 F.3d at 1529. The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to defeat a properly supported motion for summary judgment. *Id.*

**III. Discussion**

Acosta brought this action under 42 U.S.C. § 1983, which provides civil redress for deprivation of constitutional rights. Section 1983 was enacted to provide protection to those persons wronged by the misuse of power. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 650, 100 S.Ct. 1398, 1415, 63 L.Ed.2d 673 (1980). It creates no substantive civil rights, only a procedural mechanism for enforcing them. *Gallegos v. City &County of Denver*, 984 F.2d 358, 362 (10th Cir.), *cert. denied*, 508 U.S. 972, 113 S.Ct. 2962, 125 L.Ed.2d 662 (1993).

Defendant contends it is entitled to summary judgment because Acosta has failed to establish it was deliberately indifferent to his serious medical needs. The United States Supreme Court has held only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Consequently, a prisoner advancing such claim must at a minimum allege deliberate indifference to his serious medical needs. *Barrie v. Grand County, Utah*, 119 F.3d 862, 869 (10th Cir. 1997). Allegations that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim under the Eighth Amendment. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Likewise, a mere difference of opinion between an inmate and medical staff regarding treatment does not create a constitutional violation. *Ramos v. Lamm*, 639 F.2d 559 (10th Cir.), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 2301 (1981).

In support of its motion for summary judgment, Defendant presents the following undisputed facts. In April, 1991, while incarcerated at Central New Mexico Correctional Facility, Acosta received an upper left partial denture. Defendant's Motion for Summary Judgment filed November 2, 1998, Exhibit (Exhibit) B1. On July 1, 1992, Acosta reported he had lost his partial dentures. Exhibit B2. In August, 1992, he received a new upper left partial denture. Exhibit B3. Acosta was released in September, 1992. Exhibit B3.

On November 24, 1994, Acosta was incarcerated again. Exhibit B4. On December 28, 1994, when he arrived at the Penitentiary of New Mexico, he indicated he had a partial denture. Exhibit B5. On January 18, 1995, Acosta gave his consent for extraction of an abscessed tooth. Exhibit B6. On July 12, 1995, he signed a form refusing dental procedures recommended by the prison dentist. Exhibit B7. On October 4, 1995, Acosta signed a release of responsibility stating "I am refusing cause

4

[sic] I don't want it interfering with me going to camp. I will have it done once paroled." Exhibit B8.

On March 7, 1996, the dentist advised Acosta to have four teeth extracted at his next visit. Exhibit B9. On April 18, 1996, Acosta did not appear for his scheduled appointment. Exhibit B9. On July 23, 1996, Acosta indicated he wanted a new partial denture and did not want his upper partial denture repaired because he did not want to go without the upper partial denture while it was being repaired. Exhibit B9.

In light of these facts, Defendant has met its initial burden of demonstrating an absence of evidence to support Acosta's case. *Celotex v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2553. Acosta received regular dental care while he was incarcerated. He refused dental procedures recommended by the prison dentist, failed to appear for a scheduled appointment and indicated he did not want his upper partial denture repaired because he did not want to go without the upper partial denture while it was being repaired. The facts presented by Defendant establish it was not deliberately indifferent to Acosta's serious medical needs.

Once Defendant satisfied its initial burden, the burden shifted to Acosta to set forth specific facts showing a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d at 891. Acosta failed to respond to the motion for summary judgment. Thus, Acosta wholly failed to proffer any material facts to rebut the Defendant's showing that it was not deliberately indifferent to his serious medical needs.

In order to resist the motion for summary judgment, Acosta was required to set forth specific facts showing a genuine issue for trial as to a dispositive matter. *Universal Money Centers v. AT&T*, 22 F.3d at 1529. This he failed to do. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475

5

U.S. at 586, 106 S.Ct. at 1356. The Court has examined the record and resolved all reasonable inferences in the light most favorable to Acosta. Acosta has failed to demonstrate a genuine issue for trial as to whether Defendant was deliberately indifferent to his serious medical needs. Hence, Defendant did not violate Acosta's right to be free from cruel and unusual punishment under the Eighth Amendment.

Upon review of the evidence presented on this motion for summary judgment, the United States Magistrate Judge finds the Defendant did not violate Acosta's rights under the Eighth Amendment. There is no question of material fact which precludes a grant of summary judgment in Defendant's favor. Therefore, Defendant's Motion for Summary Judgment filed November 2, 1998, should be granted.

## RECOMMENDED DISPOSITION

Defendant's Motion for Summary Judgment, filed November 2, 1998, should be GRANTED.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.